UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>FREMONT RETAIL PARTNERS, LP, et al.,<br><br>        Defendants. | Case No. 19-cv-04702-WHO<br><br>**ORDER DENYING MOTION TO STRIKE ANSWER TO COMPLAINT, TO SHOW CAUSE RE: CONTEMPT, AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 31 |

Plaintiff Samuel Love brought this case under the Americans with Disabilities Act ("ADA") against defendants Fremont Retail Partners, L.P. ("Fremont Retail"), Kigfre Pacific GP, LLC ("Kigfre Pacific"), and Khah Chan and Company, Inc. ("Khah Chan"). Complaint [Dkt. No. 1]. Fremont Retail and Kigfre Pacific own the Fremont Hub, a 504,000-square foot regional shopping center located in Fremont, California. *Id.* ¶¶ 2, 3. Khah Chan is a tenant at the Fremont Hub and operates the Amia Bakery. *Id.* ¶¶ 4, 5.

Pursuant to General Order 56, the parties filed a Notice of Need for Mediation, certifying that a joint site inspection occurred in-person on February 24, 2020, and a settlement meeting occurred by videoconference on June 24, 2020. Notice of Need for Mediation and Certification of Counsel [Dkt. No. 30]. Counsel for all parties attended the joint site inspection. All counsel except Michael Welch, counsel for Khah Chan, attended the settlement meeting. *Id.* A mediator was appointed on August 10, 2020. ADR Clerk's Notice Appointing Peter Rukin as Mediator [Dkt. No. 36].

Before me is Love's motion to strike Khah Chan's answer to the Complaint on grounds that it has failed to comply with its General Order 56 obligations by not providing initial disclosures and by failing to participate in the settlement meeting on June 24, 2020. Motion to

Strike Defendant Khah Chan Company, Inc.'s Answer to Plaintiff's Complaint [Dkt. No. 31].

Khah Chan has not filed an opposition. Fremont Retail and Kigfre Pacific oppose because striking Khah Chan's answer at this juncture will complicate settlement, prolong the proceedings, and result in additional separate proceedings that will consume additional judicial resources. Defendants Fremont Retail Partners, L.P. and Kigfre Pacific GP, LLC's Opposition to Plaintiff's Motion to Strike Defendant Khah Chan Company, Inc.'s Answer to Plaintiff's Complaint [Dkt. No. 34].

Alan Gordee, counsel for Fremont Retail and Kigfre Pacific, attests that he called Mr. Welch on August 4 to find out why he has not filed an opposition and was directed to his voicemail. Declaration of Alan J. Gordee in Further Support of Opposition [Dkt. No. 35] ¶ 4. He then sent Mr. Welch an email to remind him that Khah Chan's opposition should have been filed on August 3 but received an automatic reply that suggests Mr. Welch is severely incapacitated. *Id.* ¶ 5, Ex. 1 ("COVID-19. Stroke. Afib. Hospitalization. Can't walk. Limited use of hands. Office temporarily closed. Undergoing therapy. I cannot email effectively. Please call my cell phone 412-298-7575."). Love has not filed a reply brief or otherwise responded to this declaration.

In light of Mr. Welch's medical issues, Love's motion is DENIED without prejudice.[1] Striking Khah Chan's answer is unwarranted at this stage.

That said, Khah Chan must comply with its General Order 56 obligations or explain why it cannot do so. Khah Chan is ORDERED TO SHOW CAUSE why it should not be held in contempt. **A Case Management Conference is set for September 22, 2020 at 2 p.m.** By September 15, 2020, Khah Chan can satisfy the requirements of this Order to Show Cause by demonstrating that it is able to participate fully in this litigation and describing what it has done and is doing to comply with its General Order 56 obligations. It should also describe why it has failed to comply up until now. If Mr. Welch is incapacitated, Khah Chan will need to find new counsel to represent it. Failure to demonstrate good cause and/or ability to proceed may result in monetary and other sanctions, including potentially granting the relief Love has requested.

---

[1] Pursuant to Civil Local Rule 7-1(b), I find this motion appropriate for disposition without oral argument and hereby VACATE the hearing scheduled for August 26, 2020.

The parties shall file a Joint Status Report on September 15, 2020, if there are any case developments since August 4, 2020.

**IT IS SO ORDERED.**

Dated: August 20, 2020



William H. Orrick
United States District Judge